IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ECF CASE |
| Plaintiff, | CIVIL ACTION NO. 14-CV-574-GBD-SN |
| v. | |
| BENHAR OFFICE INTERIORS LLC, | COMPLAINT |
| Defendant. | JURY TRIAL DEMANDED |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended by the Pregnancy Discrimination Act of 1978, and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of pregnancy, and to provide appropriate relief to Jacquetta Yee who was adversely affected by such practices. As alleged with greater particularity in paragraph 10 below, the Equal Employment Opportunity Commission alleges that Defendant Benhar Office Interiors LLC discriminated against Yee because of her pregnancy when it refused to hire her after finding out that she was pregnant.

## JURISDICTION AND VENUE

1.       Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Southern District of New York.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant Benhar Office Interiors LLC, a New York corporation, has continuously been doing business in the State of New York and the City of New York, and has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Yee filed a charge with the Commission alleging violations of Title VII by Defendant.

7. The Commission issued to Defendant a Letter of Determination dated December 18, 2012, notifying Defendant that the Commission found reasonable cause to believe that Defendant had discriminated against Yee because of her pregnancy.

8. The conciliation efforts required by law have occurred and were unsuccessful.

   (a) On December 18, 2012, the Commission issued to Defendant a Letter of Determination inviting Defendant to join with EEOC in informal methods of conciliation.

    (b)    On June 20, 2013, EEOC issued a Notice of Conciliation Failure advising Defendant that despite its efforts EEOC was not able to secure an agreement acceptable to the Commission.

9.    All conditions precedent to the institution of this lawsuit have been met.

10.    Since at least December 2011, Defendant has engaged in unlawful employment practices at its New York, New York office, in violation of Section 703 of Title VII, 42 U.S.C. § 2000e-2. These practices include but are not limited to:

    (a)    In December 2011, Defendant decided to hire a full-time controller. Defendant worked with two staffing companies to fill the full-time controller position. One of the staffing companies, Abacus Group LLC ("Abacus"), forwarded Defendant several applicants' resumes with their salary ranges, including Yee's. Defendant interviewed approximately five candidates for the position.

    (b)    When she applied for the full-time controller position, Yee had a Bachelor's degree in business administration and had more than 10 years of experience as an accounting manager.

    (c)    In December 2011, Yee had two interviews with Defendant's president Mark Benhar, then had an interview with Defendant's director of operations, and last had an interview with Defendant's accountant. Yee received positive feedback from Defendant during her interviews.

    (d)    Abacus called Yee on or around December 21, 2011 and indicated that Defendant was offering her the full-time controller position. During the phone

conversation, Yee told Abacus that she was pregnant with a due date in June 2012.

(e) The day after Abacus conveyed Defendant's offer to Yee, it relayed the fact that she was pregnant in an e-mail to Defendant. The day Defendant received that e-mail, its president Mark Benhar replied to the e-mail stating "Fuck might be a deal breaker." A few days after receiving news of Yee's pregnancy, Defendant offered the full-time controller position to a non-pregnant candidate.

11. The effect of the practices complained of in paragraph 10 above has been to deprive Yee of equal employment opportunities and otherwise adversely affect her status as an applicant for employment, because of her pregnancy.

12. Since at least December 2011, Defendant has failed, in violation of Section 709(c) of Title VII, 42 U.S.C. § 2000e-8(c), to make and preserve records relevant to the determination of whether unlawful employment practices have been or are being committed. Records Defendant unlawfully failed to retain include, but are not limited to, relevant interview notes relating to the hiring of a full-time controller.

13. The unlawful employment practices complained of in paragraph 10 above were intentional.

14. The unlawful employment practices complained of in paragraph 10 above were done with malice or with reckless indifference to the federally protected rights of Yee.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A.  Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from engaging in pregnancy discrimination.

B.  Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for women, and which eradicate the effects of their past and present unlawful employment practices.

C.  Order Defendant to make Yee whole, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of Defendant's unlawful employment practices, including but not limited to instatement of Yee to the full-time controller position she was offered, or front pay in the alternative.

D.  Order Defendant to make Yee whole, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 10 above, including but not limited to job search expenses and medical expenses, in amounts to be determined at trial.

E.  Order Defendant to make Yee whole by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraph 10 above, including losses such as emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

F.  Order Defendant to pay Yee punitive damages for its malicious and/or reckless conduct described in paragraph 10 above, in amounts to be determined at trial.

  G. Order Defendant to make and preserve all records, in accordance with the provisions of Section 709(c) of Title VII, 42 U.S.C. § 2000e-8(c), relevant to the determination of whether unlawful employment practices have been or are being committed.

  H. Grant such further relief as the Court deems necessary and proper in the public interest.

  I. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Dated: New York, NY
       January 30, 2014

                                          P. David Lopez
                                          General Counsel

                                          James Lee
                                          Deputy General Counsel

                                          Gwendolyn Reams
                                          Associate General Counsel

                                          _____
                                          Robert D. Rose (RR 9174)
                                          Acting Regional Attorney

                                          _____
                                          Raechel L. Adams (RA 0460)
                                          Supervisory Trial Attorney

                                          _____
                                          Hsiao-Hsiang (Catherine) Wan (HW 3849)
                                          Trial Attorney

                                          EQUAL EMPLOYMENT OPPORTUNITY
                                          COMMISSION
                                          New York District Office
                                          33 Whitehall Street, 5th Floor
                                          New York, NY 10004-2112
                                          (212) 336-3744
                                          (212) 336-3623 (fax)
                                          Hsiao-hsiang.Wan@eeoc.gov