UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------X
EQUAL EMPLOYMENT            :
OPPORTUNITY COMMISSION,     :
                            :
            Plaintiff,      :         Civil Action No. 14-CV-574-GBD-
                            :         SN
      v.                    :
                            :
BENHAR OFFICE INTERIORS     :
                            :
            Defendant.      :
-----------------------------------------------------X

## CONSENT DECREE

Plaintiff Equal Employment Opportunity Commission ("EEOC") filed this case on January 30, 2014 against Defendant Benhar Office Interiors. EEOC brought this action to correct unlawful employment practices in violation of the Title VII of the Civil Rights Act of 1964, as amended by the Pregnancy Discrimination Act of 1978 (Title VII), and to provide appropriate relief to Charging Party Jacquetta Yee ("Yee"). Specifically, EEOC alleges that Defendant discriminated against Yee by failing to hire her because of her pregnancy.

The parties agree to resolve this action and therefore stipulate and consent to the entry of this Consent Decree ("Decree") as final and binding between the parties and their successors, assigns, subsidiaries, divisions, affiliates, and any other entity into which Defendant may merge or consolidate. The parties agree that this Decree is being entered into prior to the Court making Findings of Fact or Conclusions of Law regarding the allegations. No waiver, modification, or amendment of any term or provision of this Decree will be effective unless made in writing, approved by all parties, and approved or ordered by the Court.

1

In consideration of the mutual promises of each party to this Decree, the sufficiency of which the parties acknowledge, it is agreed and IT IS ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:

1. This Decree is final and binding between the parties signatory hereto and Defendant's successors, assigns, subsidiaries, divisions, affiliates, and any other corporation or any other entity with which Defendant may merge or consolidate.

2. This Court has jurisdiction over the subject matter and the parties to this action, venue is proper and all administrative prerequisites have been met. No party will contest the validity of this Decree or the jurisdiction of the federal district court to enforce this Decree and its terms.

3. The Court retains jurisdiction to enforce this Decree and its terms for all purposes including, but not limited to, the entering of all orders, judgments, and decrees as necessary to implement the relief provided herein. A breach of any term of this Decree by Defendant will be deemed a substantive breach of this Decree for which EEOC may bring an enforcement action in Court.

4. This Decree fully and finally resolves all pending issues and claims, as alleged in the Complaint filed by EEOC and EEOC Charge Number 520-2012-01647. This Decree in no way affects EEOC's right to process any pending or future charges filed against Defendant or to commence civil actions on any such charges.

5. Before any transfer of ownership by Defendant, Defendant shall provide written notice of this lawsuit and a copy of the Complaint and this Decree to any potential purchaser of Defendant's business, or a purchaser of all or a portion of Defendant's assets, and to any potential successors, assigns, subsidiaries, and affiliates, or any corporation, including any entity with which Defendant may merge or consolidate. Defendant will provide written notice to

EEOC seven (7) business days before any assignment, succession, acquisition, merger or consolidation affecting Defendant.

6. Defendant will send by electronic mail or regular mail any documents, reports, forms, or other information required to be forwarded to EEOC, to "Consent Decree Monitor" at decreemonitor.nydo@eeoc.gov, or to the attention of Consent Decree Monitor at Equal Opportunity Commission, 33 Whitehall St., 5th Floor, New York, New York, 10004, and to Catherine Wan at Hsiao-hsiang.wan@eeoc.gov.

7. The parties will bear their own attorney's fees and costs incurred in this action.

8. If any provision(s) of the Decree are found to be unlawful, only such provision(s) shall be severed, and the remainder of the Decree shall remain in full force and effect.

9. Monetary Relief

   a. Defendant will pay a total of $90,000.000 to Yee. Within five (5) business days of the entry of this Decree, Defendant will deliver, by certified mail, a check made payable to Yee for backpay in the amount of $40,000.00. Also within five (5) business days of the entry of this Decree, Defendant will deliver, by certified mail, a check made payable to Yee for compensatory damages in the amount of $50,000.00.

   b. Defendant will issue to Yee a tax form W2 in connection with the backpay amount and a tax form 1099 in connection with the compensatory damages amount.

   c. Defendant will simultaneously forward a copy of each check and tax form to EEOC.

   d. This Consent Decree sets forth all damages for Yee in connection with Defendant's failure to hire her as alleged in the Complaint filed by EEOC and in Yee's EEOC Charge, Number 520-2012-01647.

10. Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, are enjoined from discriminating on the basis of sex, including pregnancy, in any phase of employment, including but not limited to recruitment, hiring, job assignment, promotion, demotion, termination, training and other terms, conditions or privileges of employment.

11. Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, are enjoined from engaging in retaliation of any kind against any person because of such person's opposition to discrimination based on sex, including pregnancy, or because of filing a charge, testifying or participating in any manner in any investigation, proceeding, or hearing relating to discrimination based on sex, including pregnancy, or because an individual was identified as a possible witness for EEOC, or because of any assertion of rights under this Decree.

12. Defendant will adopt a revised Equal Employment Opportunity policy, a revised Harassment policy, and a revised Time Off policy, all contained in Defendant's "Manual for Members of the Firm," and attached as Exhibit A to this Consent Decree. The attachment to this Decree of policies contained in the "Manual for Members of the Firm" does not mean that Defendant is in compliance with federal law.

13. Within thirty (30) business days of the entry of this Decree, Defendant will disseminate the revised "Manual for Members of the Firm" to all employees. Defendant will provide a copy of the revised "Manual for Members of the Firm" to all employees hired after the entry of this Decree within five (5) business days of the start of their employment.

14. Within six months of the entry of this Decree, Defendant will require all non-supervisory employees to participate in a one-hour anti-discrimination in-person classroom training conducted by an outside vendor. The vendor, as well as the training agenda, will be pre-approved by EEOC. The training will cover the statutes enforced by EEOC, with a special emphasis on pregnancy discrimination.

15. Within six months of the entry of this Decree, Defendant will require all of its supervisory and management employees to participate in a two (2) hour anti-discrimination in-person, classroom training conducted by an outside vendor to educate management about anti-discrimination laws and Defendant's revised EEO and Harassment Policies, and responsibilities relating to employee discrimination complaints.

16. On an annual basis, Defendant will repeat the training sessions described in Paragraphs 14 and 15.

17. At least thirty (30) business days prior to any training session described in this Decree, Defendant will provide EEOC with written notice of the date, time, and location of the scheduled training. EEOC may attend and observe one or more of the training sessions and may suggest the implementation of changes.

18. Within five (5) business days following the completion of any training required by this Decree, Defendant will forward to EEOC a copy of the sign-in sheets from each training session. Defendant will simultaneously forward to EEOC the name of the trainer, the agenda, and any training material provided to employees.

19. Within ten (10) business days of the entry of this Decree, Defendant will post the "Notice of Lawsuit and Settlement," attached to this Decree as Exhibit B, in locations readily accessible to and commonly frequented by Defendant's employees and applicants.

20. Within seven (7) business days of the entry of this Decree, Defendant will conspicuously display and maintain the most recent version of EEOC's poster "EEO is the Law" in the company mail room, which is readily accessible to and commonly frequented by Defendant's employees and applicants.

21. Within fifteen (15) business days after the entry of this Decree, Defendant will certify in a letter to EEOC when and where each of the postings required by paragraphs 19 and 20 of this Decree have been posted.

22. Defendant will inform EEOC in writing of any new hired employees. Within five (5) business days of such employment action, Defendant will provide the name, address, phone number, date of hire and job title of such employee.

23. Every six (6) months, beginning six months after the entry of the Decree, Defendant will provide EEOC with a report listing all complaints of sex discrimination, including pregnancy discrimination, either formal or informal, oral or written, including the identity of the parties involved, a detailed summary of the allegations, a summary of the steps taken during the investigation, the results of the investigation, and any disciplinary action taken.

24. EEOC may monitor Defendant's compliance with this Decree through inspection of Defendant's premises and records, or through interviews with employees or managers.

25. Defendant will make available for inspection and copying any records reasonably related to this Decree.

26. This Decree will remain in effect for three (3) years from the date of entry. This case may be administratively closed but will not be dismissed for the duration of this Decree. The Decree will expire by its own terms at the end of that period, without any further action required by the parties or the Court, unless the duration of this Decree has been extended due to an enforcement action or by order of the Court.

Dated: April 11, 2014

New York, NY

| FOR PLAINTIFF EQUAL EMPLOYMENT OPPORTUNITY COMMISSION | FOR DEFENDANT BENHAR OFFICE INTERIORS |
|---|---|

_____
Robert D. Rose, Regional Attorney
Raechel L. Adams, Supervisory Trial Attorney
Hsiao-hsiang (Catherine) Wan, Trial Attorney
Equal Employment Opportunity Commission
New York District Office
33 Whitehall Street, 5th Floor
New York, NY 10004
Tel: (212) 336-3744
Fax: (212) 336-3623
E-mail: Hsiao-hsiang.Wan@eeoc.gov

_____
Rhonda L. Epstein
Hoey, King, Epstein, Prezioso & Marquez
55 Water Street, Suite 29th Floor
New York, NY 10041
Tel: (212) 612-4200
Fax: (212) 612-4284
Email: repstein@hoeyking.com

_____
Mark Benhar, President
BENHAR OFFICE INTERIORS

SO ORDERED, ADJUDGED AND DECREED this __15__ day of __April__, 2014.

_____   APR 15 2014
United States District Judge